# United States Court of Appeals
## for the Fifth Circuit

———————

No. 25-30252
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2025

Lyle W. Cayce
Clerk

CHRISTOPHER WARE, *Individually and on behalf of* THE ESTATE OF GWENDOLYN WRIGHT,

> *Plaintiff—Appellant*,

*versus*

IRVING PLACE ASSOCIATES, L.P., *doing business as* HIGHLAND PLACE REHAB and NURSING CENTER,

> *Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CV-5332

———————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Christopher Ware's mother Gwendolyn Wright Crosby was a resident at Highland Place Rehab and Nursing Center beginning around November

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30252

19, 2021.[1]  Ware, on behalf of Wright, formally signed the contract for Highland's services several days later on November 22, 2021.  Wright was taken to the emergency room due to breathing difficulties on November 29, 2021.  She died on December 9, 2021.

## I.

Ware alleges that Highland failed to timely stabilize Wright during a hypoxia episode on the date of her arrival, instead waiting until the afternoon of the next day to transport her to the emergency room, which Ware alleges could have resulted in brain damage.  Ware specifies that Highland's failure to provide Wright with appropriate care caused her throat to be filled with saliva, her mental state to be altered, and her oxygen level to remain low for an extended period of time.

Ware also alleges that Wright was again taken to the emergency room on November 29, 2021, which he attributes to Highland's failure to provide the "around the clock, one-on-one services" promised in the contract by leaving her alone for several hours.  Ware also connects this failure with unchecked saliva buildup and general pain and suffering by Wright leading to her death.

The complaint states generally that Wright's eventual death on December 9, 2021, occurred "because Highland failed or refused to provide the appropriate standard of care while [she] was a resident in Highland's facility."

## II.

---

[1] The operative complaint refers to the decedent alternatively as "Gwendolyn Wright Crosby" and "Gwendolyn Wright," but consistently uses "Ms. Wright." Accordingly, "Wright" is used hereafter.

2

No. 25-30252

On September 24, 2022, Ware sued Irving Place Associates, L.P., d/b/a Highland Place Rehab and Nursing Center, bringing claims of medical malpractice, breach of contract, and negligence. The complaint was amended on November 1, 2022. Irving Place then moved to dismiss. The district court granted the motion as to Ware's negligence-based malpractice claim with prejudice, citing the liability shield provided by the Louisiana Health Emergency Powers Act ("LHEPA") for health care providers' civil liability during a public health emergency.[2] Ware filed a second amended complaint more specifically alleging that the medical malpractice and breach of contract claims resulted from gross negligence and willful misconduct, which are not covered by LHEPA. Irving Place moved to dismiss again. The district court granted the motion in full, determining that it was improper for Ware to reassert his negligence-based malpractice claim after it was dismissed with prejudice. The district court determined that Ware had not adequately alleged gross negligence or willful misconduct. As to the breach of contract claim, the district court noted that Ware did not dispute that LHEPA applied to his breach of contract claim, again citing LHEPA's liability shield, and final judgment was entered on March 26, 2025. This appeal timely followed.

III.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "Threadbare" allegations and "conclusory statements[] do not

––––––––––––––––––––––––

[2] *See* La. R.S. § 29:771(B)(2)(c)(i).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)).

suffice."[4]   Ware attempts to surmount LHEPA's liability shield, which requires him to plausibly allege gross negligence or willful misconduct, based on the conclusory allegation that Highland's failure to meet the standard of care led to Wright's death.   Ware's more specific allegations that (1) the November 19, 2021 hypoxia episode was left untreated for a period of roughly twenty-six hours, (2) Wright was left unattended for several hours on November 29, 2021, and (3) she had breathing difficulties that led her to be transported to the emergency room, do not support the inference that Wright's subsequent death on December 9, 2021—almost three weeks after the initial hypoxia episode—was attributable to Highland's gross negligence or willful misconduct.[5]

_____

[4] *Id.* (citing *Twombly*, 556 U.S. at 555).

[5] Ware takes issue with the district court's application of a high standard for gross negligence, but the district court cited a capacious standard including "the want of even slight care and diligence and the want of that diligence which even careless men are accustomed to exercise," and appropriately deemed that that standard was not met. *Ware v. Irving Place Assocs. LP*, No. 22-5332, 2025 WL 925809, at *2–3 (W.D. La. Mar. 26, 2025) (quoting *Baele v. Univ. Healthcare Sys., L.L.C.*, No. 23-1558, 2024 WL 3105009, at *3 (E.D. La. June 24, 2023)); *see also Ware v. Irving Place Assocs. LP*, No. 22-5332, 2024 WL 4043841, at *2–3 (W.D. La. Sept. 3, 2024).   Two of the cases cited in the case most relied on by the district court, *Baele*, do in fact appear to distinguish between intentional torts and negligence actions, not gross negligence and ordinary negligence, such that *Baele*, and the district court's opinions here, may indeed suggest a higher standard for gross negligence than actually applies.   *See Morrow v. La. Med. Mut. Ins. Co.*, 2022-1006, p. 6 (La. App. 1 Cir. 2/24/23), 361 So. 3d 986, 990 (distinguishing between ordinary malpractice claims and intentional tort claims alleging that defendants "consciously desired the physical result of their acts or knew that the result was substantially certain to follow from their conduct"); *Whitehead v. Christus Health Cent. La.*, 2021-764, p. 7 (La. App. 3 Cir. 6/8/22), 344 So. 3d 91, 96 (distinguishing between negligence claims and intentional tort claims alleging that defendants "actively desired or knew the results of their actions would result in harm" to the plaintiff).   Despite any potential confusion generated by citation to these standards, however, the district court ultimately did not err in determining that Ware's specific factual allegations do not rise to the level of gross negligence.

No. 25-30252

Turning to the breach of contract claim, the district court is correct that there is no argument that breach of contract claims are removed from the LHEPA liability shield. Ware's only specific allegation regarding Highland's actions after the formation of the contract is that Wright was left unattended for a period of several hours on November 29, 2021. The text of the contract does not precisely support Ware's initial allegation that Highland promised "around the clock, one-on-one services," but rather his later allegation that Highland "either agreed to provide Ms. Wright with 'one-on-one, around-the-clock services' or assist in procuring such services."[6] Even drawing all inferences in Ware's favor, and particularly given that the bulk of the specifically alleged actions occurred before the contract was signed, the complaint's allegations do not support a plausible inference of gross negligence or willful misconduct in relation to any material breach of the contract.

In sum, Ware's gross negligence-based claim amounts to a repackaging of his original negligence-based malpractice claim, which the district court properly concluded was barred by LHEPA. Ware's breach of contract claim rests on fewer specific allegations, and Ware does not dispute that LHEPA applies to such claims, so it fails for the same reason. Thus, the district court did not err when it dismissed these claims with prejudice.

## IV.

The judgment of the district court is AFFIRMED.

---

[6] The contract between Ware and Highland is considered as incorporated into the pleadings because Wright attached it to his motion to dismiss, Ware relies on it in his complaint, and it is central to Ware's claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

5